UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>    Plaintiff,<br><br>    v.<br><br>RUSSELL A ROBINSON, et al.,<br><br>    Defendants. | Case No. 23-cv-06135-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION TO REMAND CASE TO ALAMEDA COUNTY SUPERIOR COURT AND ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 20 |

This case arises out of years of litigation following Plaintiff Wells Fargo's foreclosure of a home in which Defendant Russell A. Robinson possesses a four percent interest. For the second time, Mr. Robinson has removed this matter from the Alameda County Superior Court seeking to prevent the state court from ruling on Mr. Robinson's motion to set aside and vacate a stipulated judgment. (Dkt. No. 1 at 2.[1]) Wells Fargo moves to remand based on lack of subject matter jurisdiction and procedural defects in removal. (Dkt. No. 20.) Wells Fargo also asks the Court to enjoin Mr. Robinson from filing further notices of removal. (Dkt. No. 20.) After carefully considering the parties' written submissions, and having had the benefit of oral argument on February 8, 2024, the Court GRANTS the motion to remand and ORDERS Defendant Robinson to show cause as to why a vexatious litigant order should not be entered against him.

**BACKGROUND**

Mr. Robinson removed this case from the Alameda County Superior Court just a month after this Court remanded the very same action to Alameda County Superior Court. *Wells Fargo Bank, N.A. v. Smith*, et al. No. 23-3090 JSC (Dkt. No. 29.) Wells Fargo owns Defendant Equaan

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  D. Smith's mortgage and foreclosed on the property in 2019.  (Dkt. No. 1 ¶¶ 10, 26.)  During the
2  foreclosure proceedings, Ms. Smith conveyed a four percent interest in the property to her
3  attorney, Mr. Robinson.  (Dkt. No. 1. Ex. B, (ECF 1 at 70).)  In 2020, Wells Fargo brought state
4  law claims against Defendants for declaratory relief, cancellation of instrument, quiet title, and
5  slander of title.  (Dkt. No. 1. Ex. A, (ECF 1 at 8).)

6  The parties agreed to resolve that action, and in May 2022, the state court entered a
7  stipulated judgment resolving Wells Fargo's claims.  (Dkt. No. 1. RFJN-E (ECF 1 at 188).)  After
8  Defendants were unable to repurchase the property, Wells Fargo filed an ex parte application to
9  enforce the stipulation in state court.  (Dkt. No. 1. Ex. G, (ECF 1 at 204).)  On May 17, 2023, Mr.
10 Robinson opposed that relief, and moved to set aside and vacate the state court judgment.  (Dkt.
11 No. 1. Ex. F, (ECF 1 at 93).)  The state court issued a tentative ruling denying Mr. Robinson's ex
12 parte application, and the following day Mr. Robinson removed the action to this Court based on
13 federal question jurisdiction.  *See Wells Fargo Bank, N.A. v. Smith*, et al. No. 23-3090 JSC (N.D.
14 Cal.), Dkt. No. 1.

15 Wells Fargo moved to remand the case, which the Court granted based on a lack of subject
16 matter jurisdiction, and the case returned to state court.  *See Wells Fargo Bank, N.A. v. Smith*, et al.
17 No. 23-3090 JSC (N.D. Cal.), Dkt. No. 29.  On the morning of the re-scheduled state court hearing
18 on his ex parte motion, Mr. Robinson filed a second notice of removal, again preventing the court
19 from ruling on his motion.  (Dkt. No. 1.)  Mr. Robinson again argues the state court's June 21,
20 2023 tentative ruling "and other matters, with the subsequent remand and November 22, 2023,
21 tentative ruling, now indicate that a federal question exists and this matter is properly in the
22 federal court." (Dkt. No. 1. ¶¶ D, G, I, (ECF 1 at 2-3).)  Although she did not initially consent to
23 removal, Defendant Smith later filed a notice of consent to removal.  (Dkt. No. 27.) (*See also* Dkt.
24 No. 1. (ECF 1 at 1).)

25 On December 14, 2023, Mr. Robinson filed a first supplemental counterclaim.  (Dkt. No.
26 9.)  Two weeks later, Wells Fargo moved to remand the case and dismiss the supplemental
27 counterclaim.  (Dkt. Nos. 20, 21.)  On January 12, 2024, Mr. Robinson filed a first amended
28 supplemental counterclaim raising nearly identical issues as his remand opposition.  (Dkt. Nos. 22,

2

1   23.)  Wells Fargo has also moved to dismiss the first amended supplemental counterclaim.  (Dkt.

2   Nos. 23, 26.)  The motion to remand is now fully briefed, and Mr. Robinson filed a sur-reply.

3   (Dkt. Nos. 22, 24, 25.)  Wells Fargo also asks the Court to enjoin Mr. Robinson from filing further

4   notices of removal.  (Dkt. No. 20 at 7.)

## LEGAL STANDARD

"Under 28 U.S.C. § 1441, a defendant may generally remove a civil action from state court to federal district court if the district court would have had subject matter jurisdiction had the action been originally filed in that court." *Roth v. CHA Hollywood Med. Ctr.*, L.P., 720 F.3d 1121, 1124 (9th Cir. 2013).  A removing defendant bears the burden of establishing federal jurisdiction. *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020).  As courts of limited jurisdiction, federal district courts construe the removal statute strictly and reject jurisdiction if there is any doubt as to removability.  *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018).

## DISCUSSION

### A.   Federal Jurisdiction

Wells Fargo argues remand is required because the Court lacks subject-matter jurisdiction over this action.  Mr. Robinson's notice of removal invokes federal question jurisdiction.  (Dkt. No. 1 at 2.)

District courts have original jurisdiction over cases where a "federal question" is present, which occurs if a plaintiff's original cause of action arises under federal law.  28 U.S.C. § 1331.  Under the well-pleaded complaint rule, "an action 'aris[es] under' federal law 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citations omitted).  Here, federal question jurisdiction does not exist because Wells Fargo's complaint brings only state law claims for declaratory relief, cancellation of instrument, quiet title, and slander of title.  (Dkt. No. 1 at 8-20.)

#### 1.   Wells Fargo's Claims Do Not Raise a Federal Question

In his remand opposition, Mr. Robinson incorrectly argues Plaintiff's state law action fits

3

within the "special and small category" of claims "created by federal law." (Dkt. No. 22 at 3 (citing *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005).) Under *Grable*, "federal jurisdiction over a state law claim exists if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). The only state law claims which have been held to fall under this category are (1) quiet-title actions from the 1900s which required "the interpretation and application of federal law," (2) a shareholder action alleging a federal act was unconstitutional, and (3) a state-quiet title action concerning compliance with federal tax law. *City of Oakland v. BP PLC*, 969 F.3d 895, 904 (9th Cir. 2020).

Mr. Robinson insists this case fits within that small category because Wells Fargo "attempted to seize possession of real property through an unlawful and void order/judgment." (Dkt. No. 22 at 3.) He argues "the right to possession of real property" fundamentally constitutes a contested federal issue at the "heart" of the state law claims. (Dkt. No. 22 at 4.) But however Mr. Robinson characterizes what is at issue, Wells Fargo's state law claims do not fall within *Grable's* limited exception to the well-pleaded complaint rule. Wells Fargo's quiet title claims did not arise in the 1900s and neither involve interpretation of federal law nor concern compliance with federal tax law.

**2. Mr. Robinson's Supplemental Counterclaim Does Not Raise a Federal Question**

Mr. Robison's supplemental counterclaim, filed after he removed this action from state court, does not create removal jurisdiction. First, as it was not brought until after the removal, it cannot be the basis for removal. Second, *Grable* does not support jurisdiction here for the same reasons discussed above. (Dkt. Nos. 9 at 6-7; 23 at 7-8.) Third, to the extent his "counterclaim" actually makes a federal claim, under the well-pleaded complaint rule a counterclaim cannot be the basis for federal question removal jurisdiction. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002) (declining to "transform the longstanding well-pleaded-complaint rule into the 'well-pleaded-complaint-or-counterclaim rule.'").

\*\*\*

1 In sum, as there is no federal removal jurisdiction, the Court REMANDS this case to the Alameda County Superior Court.

### B. Wells Fargo's Additional Arguments

Wells Fargo advances two additional arguments in favor of remand. First, Wells Fargo argues Mr. Robinson waived his right to remove this case by "actively litigating the state court action for more [than] two years." (Dkt. No. 20 at 6.) Second, Wells Fargo insists Mr. Robinson's removal notice suffers two fatal, procedural deficiencies. Because Mr. Robinson has not established subject-matter jurisdiction, remand is required, and the Court need not reach Wells Fargo's additional arguments.

### C. Enjoining Defendant Robinson from Filing Further Notices of Removal

Finally, Wells Fargo requests the Court use its inherent powers to enjoin Mr. Robinson and "deter future dilatory tactics." (Dkt. No. 24 at 5.) Wells Fargo argues "[b]y any objective standard, Defendant Robinson filed this second notice of removal for an improper purpose to delay and multiply these proceedings, avoid an adverse ruling on his state court motion to set aside the stipulated judgment, and retain possession of a home that defendants agreed to vacate no later than July 8, 2022." (Dkt. No. 20 at 7-8.) Mr. Robinson suggests "no authority" exists for such an injunction. (Dkt. No. 22 at 5.)

Federal courts have the inherent power to file "restrictive pre-filing orders" enjoining vexatious litigants "with abusive and lengthy histories of litigation" from filing further actions or papers. *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). "Such pre-filing orders should rarely be filed," especially against litigants unrepresented by counsel. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). But, "district courts 'bear an affirmative obligation to ensure that judicial resources are not needlessly squandered on repeated attempts by litigants to misuse the courts.'" *Bridgewater v. Hayes Valley Ltd. P'ship*, No. 10-03022 CW, 2011 WL 635268 at *4 (N.D. Cal. Feb. 11, 2012) (quoting *O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir. 1990)). And, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148.

5

In *De Long*, the Ninth Circuit articulated a four-prong framework for district courts to apply before entering vexatious litigant orders. *Id*. at 1146-1149. First, the affected party must be provided with "adequate notice" and "an opportunity to oppose the entry of the order." *Id*. at 1147. Second, the district court must "create an adequate record for review" containing "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Id*. Third, the court must make "substantive findings of harassment or frivolousness." *Id*. at 1148. Such findings require the court look at the "'number and content of the filings as indicia' of the frivolousness of the litigant's claims." *Id*. (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)). Fourth, the "breadth of the order" must be "narrowly tailored to closely fit the specific vice encountered." *Id*. at 1148. Other courts have entered vexatious litigant orders against individuals who serially remove matters from state court over which the court lacks subject matter jurisdiction. *See United States of Am. Bank Nat'l Ass'n as Tr. for Citigroup Mortg. Loan Tr. 2007-WFHE3 v. Orr*, No. 19-CV-00641-JCS, 2019 WL 2183369, at *3 (N.D. Cal. Feb. 7, 2019), report and recommendation adopted sub nom., 2019 WL 2180201; *NGA Inv., LLC v. Beronilla*, No. 5:14-cv-02457 HRL, 2014 WL 3421919, at *3 (N.D. Cal. July 14, 2014), report and recommendation adopted, 2014 WL 3867781 (Aug. 4, 2014).

Mr. Robinson has now twice removed the underlying action on the exact same improper basis. The Court previously found no subject matter jurisdiction on the exact same grounds Mr. Robinson invokes in the present action. *Wells Fargo Bank, N.A. v. Smith*, et al. No. 23-3090 JSC (N.D. Cal.), Dkt. No. 29. Mr. Robinson does not raise any new, substantive arguments in his filings. The record indicates Mr. Robinson, a disbarred attorney, removed this action with an intent to disrupt the state court litigation, impede resolution of the previously remanded matter, hamper enforcement of the state court's stipulated judgment, and clog this Court's docket. At oral argument the Court point blank asked Mr. Robinson if he intended to file another removal notice. Mr. Robinson initially stated he had not thought about it, but when pressed indicated he had no present plan to remove the case again. So, Mr. Robinson's equivocation suggests he might still file further frivolous removals of the same state court case if not barred from doing so by order.

Accordingly, the Court ORDERS Mr. Robinson to SHOW CAUSE as to why a vexatious

1  litigant order should not be entered against him, barring him from further removals of the
2  underlying state court action absent prior federal court approval.

## CONCLUSION

Mr. Robinson removed this action from state court based on federal question jurisdiction. As there is no federal question presented by the removed state court complaint, the Court lacks subject matter jurisdiction and again REMANDS the case to the Alameda County Superior Court. The motions to dismiss are denied without prejudice as the Court has determined it is without subject matter jurisdiction.

Mr. Robinson is ordered to show cause why he should not be prohibited from removing the underlying state court case again absent prior approval of the federal court. If he contests entry of the order, he shall file a written response to this Order to Show Cause by February 27, 2024. Failure to respond to this order may result in the entry of a vexatious litigant order as described above.

This Order disposes of Docket Nos. 20, 21, 26.

**IT IS SO ORDERED.**

Dated: February 16, 2024

JACQUELINE SCOTT CORLEY
United States District Judge