Russell A. Robinson
345 Grove Street, 1st Floor
San Francisco CA 94102
TEL:   415.987.3271
rlaw345@gmail.com

Defendant *Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., | ) No.    23-cv-06135-JSC |
| | ) |
| Plaintiff, | ) **RESPONSE AND OBJECTION TO** |
| | ) **ORDER TO SHOW CAUSE** |
| v. | ) |
| | ) Date:           February 8, 2024 |
| ÉQUAAN D. SMITH, RUSSELL A. | ) Time:           9:00a.m. |
| ROBINSON, et al., | ) Crtm:           8 |
| | ) |
| Defendants. | ) Date of Order:       February 20, 2024 |
| | ) Date Response Due:   February 27, 2024 |
| | ) |
| | ) |

## I.   INTRODUCTION

On February 15 (16), 2024, this Court issued its ORDER RE: PLAINTIFF'S MOTION TO REMAND CASE TO ALAMEDA COUNTY SUPERIOR COURT AND ORDER TO SHOW CAUSE.  (Dckt. #30) It ruled that "the Court has determined it is without subject matter jurisdiction.  Mr. Robinson is ordered to show cause why he should not be prohibited from removing the underlying state court case again absent prior approval of the federal court.  If he contests entry of the order, he shall file a written response to this Order to Show Cause by February 27, 2024.  Failure to respond to this order may result in the entry of a vexatious litigant order as described above."

On February 20, 2024, Robinson filed a Notice of Appeal from that Order.  (Dckt. #31).   On February 22, 2024, the Ninth Circuit Court of Appeals indicated that this matter has been given

1    Notice of Docketing Record on Appeal, Case Number 24-930.  (Dckt. #32)

2         Filing of a notice of appeal is an event of jurisdictional significance; it confers jurisdiction on

3    the court of appeals and divests the district court of its control over those aspects of the case

4    involved in the appeal.  *See, e. g., United States v. Hitchmon,* (5th Cir. 1979) 587 F.2d 1357.  This

5    rule exists to prevent a district court from materially modifying its decision pending appellate

6    review.  *Kern Oil & Refining Co. V. Tenneco Oil Co.,* (9th Cir. 1988) 840 F.2d 730, 734 ("The

7    appellate court is entitled to review a fixed, rather than mobile record.").

8         A district court retains jurisdiction to correct "clerical" or "ministerial" errors involving the

9    matter appealed.  *In re Thorp,* (9th Cir. 1981) 655 F.2d 997.  The district court's retention of

10   limited jurisdiction derives from both statute and decisional law and is designed to assist the

11   appellate court by entering orders appropriate to preserving the status quo.  *Davis v. United*

12   *States,* (9th Cir. 1982) 667 F.2d 822, 824.

13        Thus, while it is doubtful this Court retains jurisdiction while the Appeal is pending, the

14   undersigned files this Response to the Order to Show Cause out of an abundance of caution.

15   **II. RESPONSE**

16        **A.  Brief Chronology.**

17        Defendant Russell A. Robinson removed this action to federal court on about November 28,

18   2022, from the Alameda Superior Court.  (Dckt. #1)  After some initial process, this action was

19   re-assigned for all purposes on December 20, 2023, the Honorable  Jacqueline Scott Corley upon

20   Plaintiff Wells Fargo's Notice of Related Cases filed December 13, 2023.  (Dckt. ## 17 & 14)

21        On December 14, 2023, Robinson filed his First Supplemental Counter-Claim.  (Dckt. # 9)

22        On December 27, 2023, Plaintiff filed its Motion to Remand.  (Dckt. #20)

23        On December 28, 2023, Plaintiff filed its Motion to Dismiss Robinson's First Supplemental

24   Counter-Claim.  (Dckt. #21)  On January 10, 2024, Robinson filed his Opposition to Plaintiff's

25   Motion to Remand.  (Dckt. #22)

26        On January 12, 2024, Robinson filed his First Amended Supplemental Counter-Claim in lieu

27

28

1   of opposing the December 28, 2023, Motion to Dismiss.  (Dckt. #23)[1]

2       On January 18, 2024, Plaintiff filed its Reply Brief re: Motion to Remand.  On January 25,

3   2024, Robinson filed his Sur-Reply.  (Dckt. #25) On January 30, 2024, Plaintiff moved anew to

4   dismiss Robinson's First Amended Supplemental Counterclaim.  (Dckt. #26)

5       Hearing on the Motion to Remand proceeded on February 8, 2024.  The court issued its Order

6   on February 15 (16), 2024.

7       **B. Discussion.**

8       It is true that the First Supplemental Counterclaim does not confer federal jurisdiction on this

9   Court.  However, and respectfully, the Court's requirement that a notice of removal prove subject

10  matter jurisdiction is contrary to the holding in *Dart Cherokee Basin Operating Co., LLC v.*

11  *Owens,* 574 U.S. 81, 89 (2014).

12      The issue of the former Judgment in Robinson's favor never arose in the course of "actively

13  [litigating] the state court action" to judgment over the "more than two years."  There is no

14  mention in the 2022 stipulation and the 2022 judgment, both drafted by Wells Fargo, of the 2019

15  Judgment (UD – possession) in favor of Robinson and Smith.

16      It cannot reasonably be said that the 2019 Judgment (UD – possession) was contemplated by

17  the parties in 2022 and accounted for in the 2022 documents.  That 2019 (UD – possession) was

18  never set aside, modified, or otherwise voided.  As noted in the Notice of Removal and the First

19  Amended Supplemental Counter-Claim, federal jurisdiction was not implicated – triggered –

20  until after the plaintiff sought to evict Defendants.  It was when the state court failed to consider

21  the newly implicated federal issues through its own proposed action, in conjunction with the

22  sudden efforts of Wells Fargo, that Robinson's right to removal was ripe.  While the triggering

23  facts appear in the Supplemental Counter-Claim(s), these triggering facts exist independent of the

24  Counter-Claim. Appearance of these facts in the Counter-Claim do not render them irrelevant or

25  somehow non-existent for the purpose of determining federal subject matter jurisdiction.

26      "If the case stated by the initial pleading is not removable, a notice of removal may be filed

27

28

_____

    [1]       Six days early under Federal Rules of Civil Procedure (FRCP), Rule 15(a)(1)(B).

1    within thirty days after receipt by the defendant, through service or otherwise, of a copy of an

2    amended pleading, motion, ***order*** or other paper from which it may first be ascertained that the

3    case is one which is or has become removable, . . ." 28 U.S.C. §1446(b) [emphasis added].

4         Removal is appropriate only where, as here, the change that makes the action removable

5    occurs as a result of a voluntary act by the plaintiff.[2]  *Yarnevic v. Brink's, Inc.,* 102 F.3d 753, 754

6    (4th Cir. 1996); *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir. 1996); *Poulos v.*

7    *Naas Foods, Inc.,* 959 F.2d 69 (7th Cir. 1992).  *See also DeBry v. TransAmerica Corp.,* 601 F.2d

8    480 (10th Cir. 1979) (removal appropriate where the amended complaint gave notice of

9    plaintiff's change of residence).  Other examples of "voluntary" acts include: where an amended

10   complaint increases the amount in controversy; plaintiff adds a claim within jurisdiction of the

11   federal courts; or dismissal by the plaintiff of a non-diverse defendant. See also 14 C Wright,

12   Miller and Cooper, *Federal Practice and Procedure: Jurisdiction* 3d §3732 (1998).

13        It was voluntary action by Plaintiff that made this action removable.

14        ***The First Supplemental Counter-Claim (and the First Amended Supplemental Counter-***

15   ***Claim) did not create federal subject matter jurisdiction.***  The Counter-Claim acts as a Rule 60

16   Motion to set aside the now void judgment.  Defendant could have removed this action, filed a

17   new case under Rule 60, and then sought to consolidate the two cases.  Such an approach would

18   be wasteful and elevate form over substance.

19        As noted in the Notes of Advisory Committee on Rules—1946 Amendment, Subdivision (b):

20        The reconstruction of Rule 60(b) has for one of its purposes a clarification . . . . Two types of
          procedure to obtain relief from judgments are specified in the rules as it is proposed to amend
21        them. One procedure is by motion in the court and in the action in which the judgment was
          rendered. The other procedure is by a new or independent action to obtain relief from a
22        judgment, which action may or may not be begun in the court which rendered the judgment.

23        Defendant Robinson filed his CCP section 473(b) motion in state court.  He then removed

24   this case to federal court and filed his Counter-Claim.

25        It is true that in many cases a "state court defendant may lose or waive his right to remove a

26   case to federal court 'by taking some substantial offensive or defensive action in the state court

27

28        _____

          [2]        In this case, Plaintiff's move to evict and subsequent action in the superior court.

action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court'." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP,* 365 F3d 1244, 1246 (11th Cir. 2004). However, the situation here is terribly unlike *Yusefzadeh* and that order of remand was reversed.

Of course, the Court did not find waiver of the right to remove but ordered the case to be remanded on jurisdictional grounds. Defendant Robinson removed this case because he believed and continues to believe that federal subject matter jurisdiction exists. Here, a state court has acted in concert with a plaintiff to cause the defendant to be deprived of his rights to due process and equal protection, resulting in the loss of property. This Court has not created "an adequate record for review" containing "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; nor, can it make "substantive findings of harassment or frivolousness," such findings that require the court look at the "'number and content of the filings as indicia' of the frivolousness of the litigant's claims." *In re Powell,* 851 F.2d 427, 431 (D.C. Cir. 1988).

Simply stating that Robinson does not raise any new, substantive arguments in his filings, with a conclusion that the undersigned "removed this action with an intent to disrupt the state court litigation, impede resolution of the previously remanded matter, hamper enforcement of the state court's stipulated judgment, and clog this Court's docket," is not accurate and does not comply with the law. The state court judgment cannot be enforced, as it is void; that is a basis of the Rule 60 CCp section 473(b) requests for relief.

California Code of Civil Procedure (CCP) section 391 is instructive. Section 391(b)(2) requires a litigant to relitigate repeatedly or to attempt repeatedly to relitigate adversely decided claims. Section 391(b)(3) requires that the litigant "repeatedly[3] file. . . unmeritorious motions, pleadings, or other papers. . . ." One removal was decided against Robinson; a second removal does not rise to the level of "repeatedly."

---

[3]        "Repeatedly: again and again."
https://www.merriam-webster.com/dictionary/repeatedly.
        "over and over again; constantly."
https://www.oed.com/dictionary/repeatedly_adv?tl=true

1

2   Date:   February 27, 2024                    _Russell A. Robinson /s/_

3                                                By:    Russell A. Robinson
                                                Defendant *Pro Se*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**
[CRC 8.78( c) & (f), CCP §1010.6(a)(1)(A), & FRE 4(e)]

At the time of service, I was over the age of 18 years and am a party to this action.

My business address is and was 345 Grove Street, First Floor, San Francisco, CA 94102.  On February 27, 2024, I served the following document(s):

**RESPONSE AND OBJECTION TO ORDER TO SHOW CAUSE**

I certify that all parties hereto shall be, and are hereby, served on their last known address(es) as indicated below, and as follows:

through e-mail, pursuant to Local Rules, and/or request/agreement of counsel/parties, as follows using the Court's ECF/Pacer system:

Edward A. Treder
Barrett Daffin Frappier Treder & Weiss, LLP
3990 E. Concours Street, Suite 350
Ontario, CA 91764-7971
Main:  626-371-7000
Direct: 626-371-7001
Fax:    972-661-7709
Cell:   909-322-9944
EdwardT@BDFGroup.com
Elizabeth Carter
ElizabeC@bdfgroup.com
[Counsel for Wells Fargo Bank, NA]

Équaan D. Smith
345 Grove St., 1ˢᵗ Fl.
San Francisco, CA 94102
fincaerfive@gmail.com

I hereby declare under penalty of perjury and under the laws of the State of California that the above is true and correct.

Date:   February 27, 2024

*Russell A. Robinson /s/*
By:     Russell A. Robinson
Defendant *Pro Se*